UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI,
CHRISTINA CARINI, JAMES LABORANTE, MICHAEL
LABORANTE b/h/m/n/g AUDRA LABORANTE, and
NICOLE MENNELLA,

**COMPLAINT**

Plaintiffs,    Index No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, RICHARD BRUNO, EDWARD RANIERI,
TIMOTHY LAKE, DAVID RYAN, "JOHN" MCLEAN, and JOHN
and JANE DOES 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as the true
names are presently unknown),

JOHNSON, J

Defendants.

POHORELSKY, M.J.

------------------------------------------------------------------X

Plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI,

CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE

MENNELLA, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants,

respectfully allege as follows:

### Preliminary Statement

1.  Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

2.  The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA, are citizens of the United States, and at all relevant times, residents of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, RICHARD BRUNO, EDWARD RANIERI, TIMOTHY LAKE, DAVID RYAN, "JOHN" MCLEAN, and JOHN and JANE DOES 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their

official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On July 4, 2007, at approximately 10:30 p.m., plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, MICHAEL LABORANTE, and NICOLE MENNELLA were lawfully present in front of 23 Fillmore Place on Staten Island. On July 4, 2007, at approximately 10:30 p.m., plaintiff JAMES LABORANTE, was lawfully present inside the residence located at 23 Fillmore Place on Staten Island.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification grabbed plaintiff RUTH EISENBERG, forcefully threw her against a door, and twisted her arms behind her back. The officers thereafter placed intentionally over tightened handcuffs on EISENBERG, and refused to loosen said handcuffs despite EISENBERG'S repeated requests. The defendants thereafter forcefully

3

escorted EISENBERG to a police vehicle and transported her to the 120th Precinct stationhouse. EISENBERG was restrained by said over tightened handcuffs until approximately one hour after she arrived at the NYPD 120th Precinct stationhouse, when said handcuffs were finally loosened. Thereafter, the defendants unlawfully imprisoned EISENBERG until she was issued a summons and released. Thereafter the summons was dismissed and sealed pursuant to an Adjournment in Contemplation of Dismissal.

15. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification sprayed pepper spray in plaintiff CHERYL CARINI's eyes, grabbed CARINI, forcefully threw her against a gate, twisted her arms behind her back and placed handcuffs on her wrists. Thereafter, while CARINI was restrained by handcuffs behind her back, the defendants repeatedly sprayed pepper spray into her eyes and face. The defendants forcefully escorted CARINI to a police vehicle and transported her to the 120th Precinct stationhouse. Thereafter, the defendants unlawfully imprisoned CARINI until she was issued a summons and released. Thereafter the summons was dismissed and sealed pursuant to an Adjournment in Contemplation of Dismissal.

16. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification assaulted and battered, and falsely arrested ANN MARIE CARINI, a twenty year old women who suffers from Down's Syndrome. The defendants grabbed ANN MARIE CARINI, forcefully threw her to the ground, twisted her arms behind her back, restrained her with knees on her back and legs and placed handcuffs on her wrists. ANN MARIE CARINI was thereafter released without being charged with the commission of any purported crime.

4

17. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification sprayed pepper spray in plaintiff CHRISTINA CARINI's eyes. CHRISTINA CARINI was not charged with the commission of any purported crime.

18. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification grabbed plaintiff JAMES LABORANTE, forcefully threw him to the floor, restrained him with a knee on his back, placed intentionally over tightened handcuffs on him, and refused to loosen said handcuffs. The defendants thereafter forcefully escorted LABORANTE to a police vehicle and transported him to the 120th Precinct stationhouse. Thereafter, the defendants unlawfully imprisoned LABORANTE until he was released from custody following his arraignment in Richmond County Criminal Court on July 6, 2007. On May 23, 2007 the charges filed against plaintiff LABORANTE were dismissed and sealed pursuant to an Adjournment in Contemplation of Dismissal entered on November 27, 2007.

19. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification grabbed plaintiff MICHAEL LABORANTE, forcefully threw him to the ground, and repeatedly struck and kicked him on his head, ribs and back. The defendants restrained LABORANTE by standing on his back, placed intentionally over tightened handcuffs on him, and refused to loosen said handcuffs. The defendants thereafter forcefully escorted LABORANTE to a police vehicle and transported him to the 120th Precinct stationhouse. Thereafter, the defendants unlawfully imprisoned LABORANTE until he was released from custody following his arraignment in Richmond

County Criminal Court on July 6, 2007. On May 23, 2007 the charges filed against plaintiff LABORANTE were dismissed and sealed pursuant to an Adjournment in Contemplation of Dismissal entered on November 27, 2007.

20. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification grabbed plaintiff NICOLE MENNELLA, forcefully threw her to the ground, struck her with an elbow on her head, stepped on her back, and placed handcuffs on her wrists. In so doing, the defendants tore MENNELLA's shirt exposing her under garments. The defendants forcefully escorted MENNELLA to a police vehicle and transported her to the 120th Precinct stationhouse. Thereafter, the defendants unlawfully imprisoned MENNELLA until she was issued a summons and released. Plaintiff MENNELLA was compelled by the defendants to defend the baseless charge until the charges were dismissed and sealed on or about September 12, 2007.

21. All of the above occurred while NYPD officers failed to intervene in the illegal conduct described herein.

22. As a result of the foregoing, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, anxiety, mental anguish, deprivation of their liberty, violation of constitutional rights, and special damages.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

23. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

25.     All of the aforementioned acts deprived plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

29.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     The level of force employed by defendants was excessive, objectively

7

unreasonable and otherwise in violation of plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA's constitutional rights.

31. As a result of the aforementioned conduct of defendants, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA's constitutional right to be free from excessive force was violated and they sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. The defendants unlawfully imprisoned and arrested plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA against their will and in the absence of probable cause or privilege.

34. As a result of the foregoing, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA were handcuffed and otherwise deprived of their right to be free from false arrest.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants initiated, commenced and continued a malicious prosecution against

plaintiff NICOLE MENNELLA by providing false and/or misleading information to the Richmond County District Attorney's office that resulted in charges being levied against plaintiff MENNELLA.

37. The aforesaid prosecution terminated in favor of plaintiff MENNELLA when it was dismissed and sealed on or about September 12, 2007.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

40. As a result of the foregoing, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA were deprived of their liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA, whose constitutional

rights were being violated in their presence by other officers.

43. The defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The supervisory defendants personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York Police Department included, but were not limited to, using excessive force against innocent citizens, and then making false and/or misleading statements in an effort to cover up said misconduct pursuant to a "blue wall of silence." In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRISTINA CARINI was unlawfully battered, plaintiff ANN MARIE CARINI was unlawfully battered and detained, plaintiffs RUTH EISENBERG, CHERYL CARINI, JAMES LABORANTE, and MICHAEL LABORANTE, were unlawfully battered, detained and incarcerated, and plaintiff NICOLE MENNELLA was unlawfully battered, detained, incarcerated and thereafter prosecuted.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA's constitutional rights.

55. All of the foregoing acts by defendants, defendants deprived plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest;

    C. To be free from malicious prosecution;

      D.      To receive equal protection under law; and

      E.      To be free from the use of excessive force and/or the failure to intervene.

56.    As a result of the foregoing, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

57.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Within ninety (90) days after the claim herein accrued, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI, duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61.    Plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI have complied with all conditions precedent to maintaining the instant action.

62. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

63. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI were placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendants' conduct, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

66. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants made offensive contact with plaintiffs without privilege or consent.

68. As a result of defendants' conduct, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

69. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants arrested plaintiffs RUTH EISENBERG, CHERYL CARINI, and ANN MARIE CARINI without probable cause.

71. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

72. As a result of the aforementioned conduct, plaintiffs RUTH EISENBERG, CHERYL CARINI, and ANN MARIE CARINI were unlawfully imprisoned in violation of the laws of the State of New York.

73. As a result of the aforementioned conduct, plaintiffs RUTH EISENBERG, CHERYL CARINI, and ANN MARIE CARINI suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

74. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI.

76. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI.

### AS AND FOR AN FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

79. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

81. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

83. As a result of the foregoing, RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI are entitled to compensatory damages in amount to

be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

84. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

86. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

87. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

88. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI.

89. As a result of the aforementioned conduct, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, and CHRISTINA CARINI suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 1, 2008

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs RUTH EISENBERG, CHERYL CARINI, ANN MARIE CARINI, CHRISTINA CARINI, JAMES LABORANTE, MICHAEL LABORANTE, and NICOLE MENNELLA